**UNITED STATES of America**

v.

**Eric Lamont AIKEN.**

**No. MJG–91–0366.**

United States District Court, D. Maryland.

March 24, 1992.

Richard D. Bennett, U.S. Atty., Andrew C. White, Asst. U.S. Atty., Baltimore, Md., for U.S.

Fred Warren Bennett, Federal Public Defender, Baltimore, Md., for defendant.

## MEMORANDUM OF DECISION

GARBIS, District Judge.

The Court has before it the Motion to Dismiss Count Two of the Indictment, and the materials submitted by the parties relating thereto. The Court has also had the benefit of oral argument. For reasons detailed below, the Court holds that 26 U.S.C. § 5861(d)[1] is constitutional as applied to a short-barrelled shotgun.

For purposes of this motion, the Court assumes the facts to be as asserted by the Government. In 1987, while in the United States Army stationed at Fort Leonardwood, Missouri, Defendant Eric Lamont Aiken purchased a short-barreled shotgun. This weapon, which constituted a Title II firearm, 26 U.S.C. § 5845, was not registered under the National Firearms Act. 26 U.S.C. §§ 5801–5872. The grand jury determined that Aiken had been in possession of the weapon on June 20, 1991, in Landover Hills, Maryland. Accordingly, Aiken was charged with possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d).[2] In the pending motion, Aiken contends that Count II of the Indictment must be dismissed because the charging statute, 26 U.S.C. § 5861(d), under the facts as alleged, is unconstitutional.

Under the National Firearms Act ("the Act"), 26 U.S.C. §§ 5801–5872, excise taxes are imposed upon the manufacture and transfer of certain specifically defined dangerous weapons and destructive devices commonly referred to as "Title II" weapons. The short-barrelled shotgun found in the possession of Defendant is a Title II weapon. 26 U.S.C. § 5845.

Under the Act, anyone who imports, manufacturers or deals in Title II weapons must register with the Bureau of Alcohol, Tobacco, and Firearms ("BATF") and pay an occupational excise tax. 26 U.S.C. §§ 5801–5802, 5821. In addition, every Title II weapon, after being imported, manufactured or made, must be registered by the importer, manufacturer or maker in the National Firearms Registration and Transfer Record. 26 U.S.C. § 5841. After a Title II weapon has been registered and taxed, it may be transferred lawfully only pursuant to the requirements set forth in 26 U.S.C. § 5812. The transferor must apply for and receive approval for the transfer, 26 U.S.C. § 5812(a)(1) & (6), and pay the appropriate transfer tax. 26 U.S.C. § 5811(b). The transferor must also provide the identity of the firearm, the transferor, and the transferee. 26 U.S.C. §§ 5812(a)(3), (4) & (5).

The Supreme Court, in *Sonzinsky v. United States*, 300 U.S. 506, 513, 57 S.Ct. 554, 555–56, 81 L.Ed. 772 (1937), held that the Act was sustainable only as a revenue-raising measure. Because the Court found that the Act was a valid exercise of Congress' taxing power, the Court determined that the Act was constitutional. *Id.* The provision of the Act at issue in this case, prohibiting the possession of a Title II weapon that has not been registered and taxed upon transfer, 26 U.S.C. § 5861(d), has been found to be constitutional as well. *See Zwak v. United States*, 848 F.2d 1179, 1182–83 (11th Cir.1988); *United States v. Bennett*, 709 F.2d 803, 806 (2nd Cir.1983), *cert. denied*, 469 U.S. 1075, 105 S.Ct. 572, 83 L.Ed.2d 512 (1984); *United States v. Homa*, 608 F.2d 407, 409 (10th Cir.1979); *United States v. Tous*, 461 F.2d 656, 657 (9th Cir.1972); *United States v. Ross*, 458 F.2d 1144, 1145 (5th Cir.), *cert. denied*, 409 U.S. 868, 93 S.Ct. 167, 34 L.Ed.2d 118 (1972); *United States v. Wilson*, 440 F.2d 1068, 1069 (6th Cir.1971); *Milentz v. United States*, 446 F.2d 111, 112 (8th Cir.1971).

Defendant's Motion to Dismiss Count Two of the Indictment is based upon his reading of the decision in *United States v. Rock Island Armory, Inc.*, 773 F.Supp. 117 (C.D.Ill.1991). In *Rock Island Armory*, the Central District of Illinois held that 18 U.S.C. § 922(*o* ), which effective May 19,

---

1. 26 U.S.C. § 5861(d) states that:
   It shall be unlawful for any person—
   (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

2. Aiken was also indicted for being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g).

1986 prohibited possession of machine-guns, rendered portions of the National Firearms Act unconstitutional as to machine-guns. *Id.* at 126. This resulted because the government completely ceased accepting registrations for machine-guns upon passage of § 922(*o* ), thus removing the "constitutional legitimacy of registration as an aid to tax collection." *Id.* at 125. Accordingly, the indictment against defendant manufacturers of machine-guns for failure to register the guns was dismissed.

Defendant attempts to use the *Rock Island Armory* rationale to require dismissal of Count II because, under Defendant's reasoning, he could not legally register the short-barrelled shotgun. Therefore, he argues, the tax nexus was severed. Although creative, Defendant's argument is off the mark. He focuses only on the tax due at the time of transfer and ignores the tax (and registration) required at the time of manufacture or import.

What exists here is a statutory scheme designed to require manufacturers and importers to register (and pay taxes on) every Title II weapon prior to any transfer. Any Title II weapon not properly registered (with tax paid) by the manufacturer/importer is contraband. *United States v. Black,* 431 F.2d 524, 528 (6th Cir.1970). That weapon cannot legally be transferred. Accordingly, no transferee can "purify" the "tainted" weapon by registering it after transfer. *Milentz,* 446 F.2d at 112.

Defendant fails to recognize the critical difference between his case and that of *Rock Island Armory.* He is a transferee while the defendants in *Rock Island Armory* were manufacturers. The entire registration scheme of the Act is premised upon the initial registration of a Title II weapon by the importer, manufacturer, or maker of that weapon. Because courts have found that this registration may assist in the collection of revenue, the requirement has been held to be constitutional. *See Sonzinsky,* 300 U.S. at 513, 57 S.Ct. at 555–56. It was only because the BATF would no longer accept manufacturers' registration of machine-guns that the court in *Rock Island Armory* found that

"the registration and other requirements of the National Firearms Act, Chapter 53 of the Internal Revenue Code, no longer serve any revenue purpose." *Rock Island Armory,* 773 F.Supp. at 126. In short, because the machine-gun itself was no longer being taxed, the statutory scheme no longer had any tax collection function as to machine-guns.

Here, in sharp contrast, short-barrelled shotguns remain subject to tax. The statutory scheme makes an unregistered (and untaxed) short-barrelled shotgun contraband in order to force the manufacturers or importers to register and pay the tax. Where the manufacturer or importer has not done so, the weapon cannot legally be transferred. Thus, a potential transferee must refuse to accept an unregistered firearm. *United States v. Mayo,* 498 F.2d 713, 717 (D.C.Cir.1974). This regulation properly promotes the revenue generating purpose of the Act, as part of a comprehensive scheme to levy and collect taxes upon various transactions involving Title II weapons. *See United States v. Giannini,* 455 F.2d 147, 148 (9th Cir.1972). The requirement that a transferee must refuse to accept possession of an unregistered firearm is rationally designed to aid in the collection of the taxes imposed by other provisions in the Act. *Id.*

As stated by the Fifth Circuit in *Ross,* 458 F.2d at 1145 (emphasis added):

> Section 5861(d) making possession of an unregistered weapon unlawful is part of the web of regulation aiding enforcement of the transfer tax provision in section 5811. Having required payment of a transfer tax and registration as an aid in collection of that tax, Congress under the taxing power may reasonably impose a penalty on possession of unregistered weapons. *Such a penalty imposed on transferees ultimately discourages the transferor on whom the tax is levied from transferring a firearm without paying the tax.*

In sum, § 5861(d) is constitutional as a valid revenue measure. Accordingly, Ai-

ken's Motion to Dismiss Count Two of Indictment is denied.