UNITED STATES of America, Plaintiff,

v.

Harvey TEPPER, Defendant.

Cr. A. No. 92–CR–22.

United States District Court,
D. Colorado.

June 25, 1992.

Joseph Mackey, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Maureen Cain, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

Defendant Harvey Tepper was charged with and pleaded guilty to knowingly and unlawfully possessing a short-barreled shotgun which was not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C.

§§ 5861(d) and 5871. Subsequent to this court's acceptance of Tepper's guilty plea, but prior to his sentencing, the Tenth Circuit Court of Appeals decided *United States v. Dalton*, 960 F.2d 121 (10th Cir. 1992), holding that due process bars conviction under 26 U.S.C. § 5861(d) for possessing an unregistered machinegun because machinegun registration is precluded by law. After examining that opinion, the court continued the sentencing hearing and requested that counsel re-examine the plea in this case.

The National Firearms Act (NFA), 26 U.S.C. §§ 5801–5872, mandates that every "firearm" imported, manufactured or made, be registered by the importer, manufacturer or maker in the National Firearms Registration and Transfer Record. 26 U.S.C. § 5841. A firearm for purposes of this statute is defined as:

(1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such a weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) a muffler or a silencer for any firearm whether or not such firearm is included within this definition; and (8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

26 U.S.C. § 5845(a). After a firearm has been registered and taxed, it may be transferred lawfully only pursuant to the requirements set forth in 26 U.S.C. § 5812. The transferor of the firearm must apply for and receive approval before any transfer, 26 U.S.C. § 5812(a)(1) & (6), and pay the appropriate transfer tax. 26 U.S.C. § 5811(b). The transferor must also disclose the identity of the firearm, the transferor, and the transferee. 26 U.S.C. §§ 5812(a)(3), (4) & (5).

Tepper has admitted possession of the unregistered short-barreled shotgun, found by agents of the Bureau of Alcohol, Tobacco and Firearms (BATF) upon execution of a search warrant of Tepper's home. It is a pre-1968 J.C. Penney Stevens single-shot shotgun, ten and one-half inch barrel length with an overall length of seventeen inches. The shotgun had been given to Tepper, a gun collector, after it was found in a vacant apartment building he owns. The weapon is a firearm under 26 U.S.C. § 5845(a)(1) *i.e.*, a shotgun having a barrel or barrels of less than 18 inches in length.

Tepper argues that *Dalton* invalidates his guilty plea. In *Dalton*, the defendant had accepted a weapon that had been converted into a machinegun in 1989. Dalton was found guilty of possessing and transferring an unregistered "firearm" in violation of the National Firearms Act (NFA), 26 U.S.C. §§ 5861(d), (e). Because a separate criminal statute prohibits the possession of any machinegun made after May 19, 1986, or not properly registered on that date,[1] the government will not permit the registration of machineguns covered by section 922(*o*), and will not accept the tax which would otherwise be required by the registration requirements of the NFA. Applications to make firearms "shall be denied if the making or possession of the firearm would place the person making the firearm in violation of law." 26 U.S.C. § 5822. Similarly, applications for the

---

**1.** 18 U.S.C. § 922(*o*) states in relevant part: "(1) Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machinegun.

(2) This subsection does not apply with respect to—

(B) any lawful transfer or possession of a machinegun that was lawfully possessed before [May 19, 1986] the date this subsection took effect."

transfer of firearms will be rejected "if the transfer, receipt, or possession of the firearm would place the transferee in violation of law." 26 U.S.C. 5812(a). The regulation at 27 C.F.R. § 179.105 specifically forbids approval of applications by private citizens to make, transfer, or import machineguns other than those lawfully possessed before May 19, 1986.

In *Dalton* the Tenth Circuit held that due process barred Dalton's conviction under a statute which punishes the failure to register a weapon when that registration is precluded by law. Dalton could have been convicted under 18 U.S.C. § 922(*o* ) for possession of a machinegun, but he was improperly convicted of possessing an unregistered firearm because lack of registration was an essential element of the crime and it was legally impossible for the gun to have been registered by its maker or any subsequent transferor or transferee.

The distinguishing feature between the short-barreled shotgun in this case and the machinegun in *Dalton* is that there is no statutory ban on the registration of short-barreled shotguns. If the shotgun was made into a short-barreled shotgun before enactment of the registration requirements in 1968, then its possessor had to register the weapon within thirty days immediately following the effective date of the regulation, *i.e.*, November 1968. Section 207 of Pub.L. 90–618. After that time, possession of the unregistered firearm was a crime. If the shotgun was made into a short-barreled gun after October, 1968, then the gun should not have been made into a firearm until the maker had filed a written application with BATF and received a license to do so. 26 U.S.C. § 5822, 27 CFR § 179.62. Because the firearm was never registered with BATF and BATF never granted permission to make the shotgun into a firearm, any possession or transfer of the weapon violated the NFA.

Tepper argues that because the firearm would not have been registered by the BATF as a practical matter, this case is controlled by *Dalton*. He has submitted an affidavit by a firearms expert, unrefuted by the government, stating that the gun would not have been accepted for registration with BATF because there are "many federal regulations which would prevent the registration of this short-barreled shotgun." Among the reasons this shotgun would not be registered are: "its age, its status as an altered shotgun and its length (too short)". Affidavit of Rich Wyatt, ¶¶ 9, 11, 12, 16. Even if it is unlikely that the firearm would have been accepted for registration, the defendant has cited no statute which makes the possession of short-barreled shotguns illegal. Nor has he cited any regulation which would have forbidden the BATF from registering the shotgun in 1968 or when it was made. Different from *Dalton*, the registration of this weapon was not a legal impossibility.

The controlling issue is whether the shotgun possessed by Tepper was registerable and taxable. Even though Tepper, a transferee, could not have registered the firearm himself, that it was registerable at one time is sufficient for the application of 26 U.S.C. 5861. *See United States v. Aiken*, 787 F.Supp. 106 (D.Md.1992). As the *Aiken* court noted, the statutory scheme of the NFA is designed to require manufacturers, makers and importers to register and pay taxes on every firearm before any transfer. The entire registration scheme of the Act is premised on the initial registration of the firearm by the importer, manufacturer or maker of the weapon. *Id.* at 108. Because this firearm was not properly registered or transferred to Tepper, it was incumbent upon Tepper that he refuse possession of it. "The requirement that a transferee must refuse to accept possession of an unregistered firearm is rationally designed to aid in the collection of the taxes imposed by other provisions in the Act." *Id.* (citation omitted). A firearm tainted by improper lack of registration cannot be purified by passing into the hands of another. The taint follows the firearm. This regulation promotes the revenue generating purpose of the Act as part of a comprehensive scheme to levy and collect taxes upon various transactions involving firearms.

Tepper argues that although he did possess an unregistered firearm, he cannot be

convicted under the NFA because the NFA is part of the Internal Revenue Code and its provisions are valid only to the extent they aid in the collection of tax revenue. *See Sonzinsky v. United States*, 300 U.S. 506, 513, 57 S.Ct. 554, 555–56, 81 L.Ed. 772 (1937). He argues that because the BATF would not accept an application for the gun, its constitutional legitimacy as a revenue raising measure is removed. *See United States v. Rock Island Armory*, 773 F.Supp. 117, 119 (C.D.Ill.1991) (Because possession of machineguns made after 1986 is illegal and government will no longer register and tax them, and because registration requirements are solely in aid of collecting the tax, the constitutional base for those requirements—*i.e.*, the power to tax—has disappeared. Accordingly, registration requirements are constitutionally invalid as to firearms that the government does not tax); *Dalton*, 960 F.2d at 124 (citing *Rock Island* with approval). Unlike a machinegun, Tepper's gun could have been accepted for registration and taxed upon registration and transfer. That BATF might have rejected the maker's application to make the gun a firearm, negates neither Congress' revenue raising function with respect to this gun, nor the validity of the regulations.

It is only because the BATF could not accept the manufacturers' registration of machine guns that Dalton's conviction was a denial of due process of law. Here, however short-barreled shotguns remain subject to tax.

Upon the foregoing, it is

ORDERED, that the defendant's plea of guilty is valid and this case will proceed to sentencing on July 10, 1992, at 11 a.m. in Court of Appeals Courtroom, Division II, 4th Floor, 1929 Stout Street, Denver, Colorado.