UNITED STATES of America Plaintiff–Appellee,

v.

**William Louis McCOLLOM, Defendant–Appellant.**

No. 93–6024.

United States Court of Appeals, Tenth Circuit.

Dec. 17, 1993.

Edward J. Kumiega, Asst. U.S. Atty., Oklahoma City, OK (John E. Green, U.S. Atty., with him on the brief), for plaintiff-appellee.

Duke Holden, Oklahoma City, OK, for defendant-appellant.

Before ANDERSON, TACHA, and GARTH,* Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Defendant William Louis McCollom appeals his conviction on a three-count indictment for (1) possessing four homemade machine guns, in violation of 18 U.S.C. § 922(o)(1); (2) possessing two unregistered sawed-off shotguns, in violation of 26 U.S.C. §§ 5841 and 5861(d); and (3) possessing four handguns and two rifles after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). A jury found him guilty and he was sentenced to fifty-seven months imprisonment on each count, the sentences to run concurrently. McCollom was also placed on supervised release for three years on each count, also to run concurrently, and assessed a special fee of $50.00 for each count. McCollom timely appealed.

## BACKGROUND

Special agents with the Bureau of Alcohol, Tobacco and Firearms ("ATF") went to McCollom's trailer home on May 14, 1992, and asked if he possessed any machine guns manufactured by his brother, Vance McCollom. The agents did not have a search warrant, and in fact never entered McCollom's home, but rather engaged in conversation with him on his front porch for approximately two hours. A search warrant was simulta-

* The Honorable Leonard I. Garth, Senior Circuit Judge, United States Court of Appeals, Third Circuit, sitting by designation.

neously being executed at Vance McCollom's house.

During the course of this two-hour conversation, McCollom first retrieved from his house a homemade nine millimeter smoothbore machine gun, which he said his brother had given him sometime prior to Christmas of 1991. One of the agents testified that McCollom admitted having fired the machine gun in a fully automatic mode.

The agents then asked McCollom if he was a convicted felon, and he admitted he was. This information prompted the agents to ask if McCollom had any more firearms in his house, to which McCollom answered he did and retrieved from his home eight other firearms, including a sawed-off shotgun without a serial number, another sawed-off shotgun, a semiautomatic pistol, a .357 Magnum revolver, two .22 caliber revolvers, and two .22 caliber rifles. McCollom then told the agents he had "forgot something" and went into his house and came out with a tote bag containing three more homemade machine guns. The agent testified that McCollom said his brother had brought the bag over to his house a few months earlier and put it under a bed and that he had forgotten about it.

The agent further testified that he said that he and his brother both knew that possession of machine guns was against the law. R.Vol. II at 16. A friend of McCollom's also testified that McCollom knew that possession of machine guns was illegal. *Id.* at 62. The government's Exhibit 1 was a three-page statement that one of the agents had prepared while he talked to McCollom on his front porch, each page of which McCollom signed. It included a section stating that McCollom told the agent that McCollom and his brother knew that possession of an unregistered machine gun was illegal. *Id.* at 95. At trial, however, McCollom consistently denied ever admitting that he knew it was illegal to possess the machine guns found at his home. No specific testimony was given as to McCollom's knowledge of the necessity of registering the sawed-off shotguns, other than his testimony at trial that he did not know it was illegal to possess those guns.

At trial, the government introduced evidence that none of the shotguns or machine guns were registered in defendant's name. It also introduced a videotape made by a friend of McCollom's which showed him (McCollom) shooting homemade machine guns similar to those involved in this case.

## DISCUSSION

■ McCollom first argues that his due process rights were violated when he was convicted for possession of unregistered sawed-off shotguns, because it was illegal to possess them and he therefore could not have registered them. We reject this argument.

McCollom was convicted under 26 U.S.C. § 5861(d), which provides:

It shall be unlawful for any person—

(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

26 U.S.C. § 5861(d). This registration requirement has existed since the enactment of the National Firearms Act Amendments of 1968.

There is no dispute that the sawed-off shotguns in question are not registered to McCollom. McCollom argues he could not have registered the one shotgun which he testified he found in 1965, because he had not purchased it from a registered dealer nor from an individual who had registered firearms, and it was therefore illegal for him to possess it. He says he could not have registered the other shotgun, which lacked a serial number, because the lack of a serial number makes it illegal. Illegal weapons are non-registerable, he argues, so it was impossible for him to comply with the requirements of section 5861(d). Citing our opinion in *United States v. Dalton*, 960 F.2d 121 (10th Cir.1992), he asserts his due process rights were violated by his conviction for possessing unregistered weapons when he could not register them. We disagree.

In *Dalton*, we held that it was unconstitutional to convict the defendant under section 5861(d) for possession of an unregistered machine gun because the government refused to register machine guns due to the ban on

machine guns, imposed by 18 U.S.C. § 922(o), after May 19, 1986. Thus, a "separate criminal statute" prohibiting possession of the weapon made registration a literal and legal impossibility. *Id.* at 122. That is not the case here.

The same argument, based on *Dalton,* was made in *United States v. Tepper,* 793 F.Supp. 270 (D.Colo.1992), and the district court correctly rejected it:

> The distinguishing feature between the short-barreled shotgun in this case and the machinegun in *Dalton* is that there is no statutory ban on the registration of short-barreled shotguns. If the shotgun was made into a short-barreled shotgun before enactment of the registration requirements in 1968, then its possessor had to register the weapon within thirty days immediately following the effective date of the regulation, *i.e.,* November 1968.... After that time, possession of the unregistered firearm was a crime. If the shotgun was made into a short-barreled gun after October, 1968, then the gun should not have been made into a firearm until the maker had filed a written application with BATF and received a license to do so.... Because the firearm was never registered with BATF and BATF never granted permission to make the shotgun into a firearm, any possession or transfer of the weapon violated the NFA.

*Id.* at 272 (citations omitted). As the court in *Tepper* further acknowledged:

> Even if it is unlikely that the firearm would have been accepted for registration, the defendant has cited no statute which makes the possession of short-barreled shotguns illegal. Nor has he cited any regulation which would have forbidden the BATF from registering the shotgun in 1968 or when it was made. Different from *Dalton,* the registration of this weapon was not a legal impossibility.

*Id.; see also United States v. Aiken,* 974 F.2d 446 (4th Cir.1992).

We find no due process violation in McCollom's conviction under section 5861(d).

McCollom next argues that his conviction under 5861(d) is in error because he "was never accused of other crimes" and "was not a criminal and had no intention of committing a crime." Appellant's Br. at 11, 12. While McCollom's arguments are vague, we assume he is asserting two points: (1) that the possession of unregistered weapons alone, without other criminal activity or charges, cannot form the basis of a section 5861(d) conviction; and (2) that specific intent must be shown for a violation of section 5861(d).

■ McCollom cites no authority for his first argument—that possession of unregistered weapons alone, without other criminal activity, cannot result in a section 5861(d) conviction—and we are aware of none. Further, the statute itself contains no such qualification and McCollom in fact was also charged and convicted of possessing other firearms in violation of other statutory provisions. Thus, his argument is meritless. *See United States v. Harris,* 959 F.2d 246, 259 (D.C.Cir.) ("In prosecutions under section 5861(d) ... the defendant is not necessarily someone who has already been proven to have engaged knowingly in criminal behavior.... Instead, it might be any person who has come into the possession of an automatic weapon...."), *cert. denied Smith v. United States,* —— U.S. ——, 113 S.Ct. 362, 121 L.Ed.2d 275 (1992).

We also reject his second argument, that a violation of section 5861(d) requires specific intent. The government in fact makes a broader argument: that *none* of the statutes under which McCollom was convicted are specific intent statutes; rather, the government need only prove a general intent under each.

■ This court has squarely held in *United States v. Staples,* 971 F.2d 608 (10th Cir. 1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993), that specific intent is not required under section 5861(d), at least as it relates to an unregistered machine gun. *See also United States v. Mittleider,* 835 F.2d 769 (10th Cir.1987), *cert. denied,* 485 U.S. 980, 108 S.Ct. 1279, 99 L.Ed.2d 490 (1988). Other courts have also required only a general intent, including when the firearm at issue is a sawed-off shotgun. *See United States v. Reed,* 991

F.2d 399, 400 (7th Cir.1993). We further observed in *Staples* that "knowledge of registrability" is not a requirement. *Staples,* 971 F.2d at 615 (citing *United States v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971)). The Supreme Court has granted certiorari in *Staples,* however, and the possibility therefore remains that our holding in *Staples* will be reversed. We therefore assume, only for the sake of argument, that specific intent is required.

■ The record in this case demonstrates that McCollom specifically knew that it was illegal to possess machine guns.[1] Both the ATF agent and McCollom's friend, Timothy Harris, testified that McCollom acknowledged awareness of the illegality of possessing those weapons. Additionally, McCollom signed a written statement to that effect.

■ With respect to the sawed-off shotguns, there is no dispute that McCollom was aware that they were indeed sawed-off shotguns. And while there is *no* evidence that he was aware of the necessity of registering them, and in fact he argues he never was aware of that requirement, there is no need for the government to prove such an awareness. *Staples'* statement to that effect cited the Supreme Court's opinion in *Freed,* in which the Court explicitly held that the government is not required to prove "specific intent or knowledge that [the firearms] were unregistered.... [T]he only knowledge required to be proved was knowledge that the instrument possessed was a firearm." *Freed,* 401 U.S. at 607, 91 S.Ct. at 1117. The firearm in *Freed* was a hand grenade, and the Court observed "one would hardly be surprised to learn that possession of hand grenades is not an innocent act." *Id.* at 609, 91 S.Ct. at 1118 (footnote omitted). We hold that the possession of a sawed-off shotgun similarly "is not an innocent act" and the

possessor may not evade liability by claiming ignorance of the registration requirement. Thus, regardless of what the Supreme Court may do in *Staples,* McCollom's convictions in this case would stand.[2]

■ Finally, McCollom argues the district court erred in denying him a two-point reduction for acceptance of responsibility under section 3E1.1 of the Sentencing Guidelines. Section 3E1.1 permits such a reduction if the defendant clearly demonstrates acceptance of responsibility.[3]

"Acceptance of responsibility" is a factual question reviewed under the clearly erroneous standard. *United States v. Amos,* 984 F.2d 1067, 1071 (10th Cir.1993); *United States v. Hansen,* 964 F.2d 1017, 1019 (10th Cir.1992). As we have previously observed, the Commentary and Application Notes to the Sentencing Guidelines state that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1 n. 5 (1992); *see also Amos,* 984 F.2d at 1073. The defendant bears the burden of proving acceptance of responsibility. *United States v. Spedalieri,* 910 F.2d 707, 712 (10th Cir. 1990).

■ McCollom argues that he has readily admitted throughout these entire proceedings that he possessed the firearms in question and that he had been convicted of a prior felony. He claims he has consistently denied knowing that the possession of those firearms was illegal or intending to violate the law. The government responds that McCollom gave false testimony at his trial when he denied ever admitting that he knew the possession of machine guns was illegal, and thereby put the government to its burden of

---

1. There is no dispute that the guns in question are, in fact, machine guns for purposes of the statute.

2. And while, of course, there is a legal consequence to McCollom's being convicted of all three offenses, *see Ray v. United States,* 481 U.S. 736, 737, 107 S.Ct. 2093, 2093, 95 L.Ed.2d 693 (1987) (per curiam); *United States v. Brown,* 996 F.2d 1049, 1053 (10th Cir.1993), there would be no *practical* difference to McCollom's sentence

even if *Staples* requires reversal of his section 5861(d) conviction. In either event, McCollom must serve fifty-seven months imprisonment.

3. Section 3E1.1 provides in part:

   (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

   U.S.S.G. § 3E1.1(a) (1992).

proof. *See* U.S.S.G. § 3E1.1 n. 2 (1992) ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.").

Bearing in mind our standard of review, we affirm the district court's denial of a two-point reduction for acceptance of responsibility. McCollom has clearly consistently argued that he did nothing illegal and had no unlawful intention, which conflicts with evidence of his prior statements, and which necessitated the government's presentation of evidence relating thereto. We affirmed a similar denial of a reduction in *United States v. Vaughn,* 7 F.3d 1533 (10th Cir.1993), where the defendant "admitted that he had purchased a firearm, that he possessed it on the night of his arrest, and that he had been convicted of a prior felony. However, *inconsistent with an acceptance of responsibility,* [defendant] denied either knowing or being informed that he was prohibited from possessing a firearm." *Id.* at 1534 (emphasis added). The district court committed no error in similarly denying a reduction in this case.

While our opinion today affirms McCollom's convictions and sentence, as it must under authority binding on this court, we note that this case demonstrates the harshness of the Sentencing Guidelines system, which regrettably does not always achieve the proportionality it is designed to achieve. That system has imposed a fifty-seven month sentence on a defendant with minimal culpability who, as the government has acknowledged, stands convicted largely because of his brother's actions. The legal correctness of that result hardly makes it more palatable.

For the foregoing reasons, McCollom's conviction and sentence are AFFIRMED.