33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Clester BILLS, Defendant-Appellant.
 No. 94-5022.
 United States Court of Appeals, Tenth Circuit.
 Aug. 22, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Clester Bills was convicted by a jury of possessing a firearm after a previous felony conviction in violation of 18 U.S.C. Sec. 922(g)(1) and of possessing an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). On appeal, Mr. Bills contends that the firearm underlying his convictions was discovered during an unlawful search, and that the trial court erred in refusing to give his requested instruction on voluntary intoxication. We affirm.
 
 I.
 
 3
 Mr. Bills challenges the constitutionality of the search of his apartment, during which a sawed-off shotgun was discovered under a sheet on a bed.[1] The search was conducted pursuant to a warrant authorizing a search for cocaine, fruits and instrumentalities of cocaine distribution, money from the sale of cocaine, and records indicating the sale of illegal drugs. The gist of Mr. Bills' argument appears to be that the officer executing the search warrant exceeded its scope by pulling back the sheet on the bed and the seizure of the shotgun was therefore not justified by the plain view doctrine.[2]
 
 
 4
 We review the fact findings underlying the denial of a motion to suppress evidence under the clearly erroneous standard, considering the evidence in the light most favorable to the district court's ruling. United States v. Soto, 988 F.2d 1548, 1551 (10th Cir.1993). The permissible scope of the search, however, we review de novo. United States v. Naugle, 997 F.2d 819, 822 (10th Cir.), cert. denied, 114 S.Ct. 562 (1993).
 
 
 5
 To justify a warrantless seizure based on plain view, three conditions must be satisfied. First, the seizing officer must not have violated the Fourth Amendment "in arriving at the place from which the evidence could be plainly viewed." Second, the item must not only be in plain sight, but "its incriminating character must also be immediately apparent." Finally, "not only must the officer be lawfully located in a place from which the object can be plainly seen, but he or she must also have a lawful right of access to the object itself."
 
 
 6
 Id. (quoting Horton v. California, 496 U.S. 128, 136 (1990)). With regard to the first requirement, we stated in Naugle that a " 'lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search.' " Id. (quoting United States v. Ross, 456 U.S. 798, 820-21 (1982)).
 
 
 7
 Here, the warrant authorized inter alia a search for drugs and money, items that clearly could be found under a sheet on a bed. We agree with the district court that the officer executing the warrant did not exceed its scope in pulling down the sheet on the bed. Accordingly, the officer did not violate the Fourth Amendment in reaching the place from which the gun could be seen, and the gun was therefore admissible under the plain view doctrine.[3]
 
 II.
 
 8
 Mr. Bills contends that the trial court erred in refusing to give his requested instruction on voluntary intoxication, arguing that the jury should have been given the opportunity to assess whether he had the specific intent necessary to commit the crimes charged. The government responds that specific intent is not an element of the two firearms possession crimes of which Mr. Bills was convicted. We need not decide whether specific intent is an element of the crimes at issue because, even if we assume that it is, the court nonetheless properly refused to give the requested instruction.[4]
 
 
 9
 "A defendant is entitled to correct instructions on defenses supported by sufficient evidence for a jury to find in defendant's favor." United States v. Davis, 953 F.2d 1482, 1492 (10th Cir.), cert. denied, 112 S.Ct. 2286 (1992); see also United States v. Simmonds, 931 F.2d 685, 688-89 (10th Cir.) (defendant entitled to instruction on his theory of defense only if supported by the evidence), cert. denied, 112 S.Ct. 129 (1991); United States v. Scafe, 822 F.2d 928, 932 (10th Cir.1987) (same). Here, the trial court refused the instruction upon concluding that "it [did not track] the facts in the case." Rec., supp. vol. III, at 117.
 
 
 10
 We have carefully reviewed the trial record and we agree that it does not contain evidence of Mr. Bills' voluntary intoxication at the time the crimes were committed sufficient to support giving the instruction. The warrant was executed sometime between 6:30 and 7:45 in the morning. Although there was evidence that Mr. Bills is an alcoholic and that he had been drinking the previous evening before he went to bed, the record contains no evidence that he was intoxicated on the morning that he was found to be in possession of the shotgun. Accordingly, the court did not err in refusing to instruct on voluntary intoxication.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Although Mr. Bills makes several general challenges to the propriety of the warrant authorizing the search, the suppression hearing below was limited to whether the seizure of the shotgun was justified under either the plain view doctrine or the protective sweep exception to the warrant requirement. See rec., supp. vol. II, at 5. Our review is therefore limited to these issues
 
 
 [2]
 Mr. Bills also asserts that the search did not fall within the protective sweep exception to the warrant requirement. The district court ruled that the shotgun was admissible under the plain view doctrine. See rec., supp. vol. II, at 20. Because we affirm that determination, we do not reach the protective sweep issue
 
 
 [3]
 Although Mr. Bills does not appear to challenge the existence of the second and third requirements of the plain view doctrine on appeal, we point out that in Naugle, 997 F.2d at 822-23, we held these requirements satisfied with respect to a sawed-off shotgun discovered under analogous circumstances
 
 
 [4]
 We have held that specific intent is not an element of the crime of possessing a firearm after a former felony conviction, see United States v. Kilburn, 596 F.2d 928, 934 (10th Cir.1978), cert. denied, 440 U.S. 966 (1979), and that it is likewise not an element of the crime of possessing an unregistered sawed-off shotgun, see United States v. McCollom, 12 F.3d 968, 971-72 (10th Cir.1993). Both of these holdings, however, predate the Supreme Court's discussion of the issue with respect to unregistered firearms in Staples v. United States, 114 S.Ct. 1793 (1994). In view of our resolution of this argument on other grounds, we do not address the impact of Staples on our opinions