57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Dwight SMYERS, Defendant-Appellant.
 No. 94-8098.
 United States Court of Appeals, Tenth Circuit.
 June 15, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BARRETT
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 David Dwight Smyers (Smyers), having been granted leave to proceed in forma pauperis, appeals the sentence imposed by the district court following his plea of guilty to engaging in monetary transactions in criminally derived property in violation of 18 U.S.C.1957.
 
 
 3
 On September 21, 1993, Smyers was named in a nine-count indictment filed in the United States District Court for the District of Wyoming. He was arrested in California on September 30, 1993, and on November 12, 1993, he entered a plea of not guilty to all counts of the indictment.
 
 
 4
 On February 9, 1994, Smyers plead guilty to Count IX, engaging in monetary transactions in criminally derived property in violation of 18 U.S.C.1957, in exchange for dismissal of the other eight counts.
 
 
 5
 While on bond awaiting sentencing, Smyers engaged in another fraudulent scheme, falsified information concerning his employment, tested positive for cocaine usage in a routine urinalysis, failed to report for a subsequent urine test, and moved from his apartment without informing his probation officer.
 
 
 6
 On March 23, 1994, an arrest warrant was issued for Smyers based on bond violations. Smyers was arrested in California on August 31, 1994, and returned to the District of Wyoming for sentencing. Based on his actions, the probation office recommended that Smyers not be awarded a three level downward departure for acceptance of responsibility.
 
 
 7
 Smyers was sentenced to 41 months incarceration. The sentence was based on the adjusted offense level of 19 with a criminal history category II, resulting in a range of 33-41 months. The district court specifically refused to grant Smyers a three level downward departure in sentencing for acceptance of responsibility. In support of its determination the district court stated,
 
 
 8
 .. the bond violation certainly indicates there is no acceptance of responsibility. The dirty urines also do, directly contrary to the conditions of bonds. [sic]
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 I don't see any evidence of a change of lifestyle of this defendant. I haven't seen any evidence of contrition on the part of the defendant. There's been no remorse that I can detect. He was a hustler and he remains one.
 
 
 12
 (R., Vol. III at 10).
 
 
 13
 On appeal, Smyers' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating his opinion that no meritorious issue could be raised on appeal and requesting leave to withdraw from representation of Smyers. In compliance with Anders, counsel's brief sets forth the issue Smyers demanded be raised on appeal: that because he entered a guilty plea he is entitled to a three level downward adjustment for acceptance of responsibility which would have reduced his sentencing guideline range to 24-30 month of incarceration.
 
 
 14
 We review the district court's findings as to acceptance of responsibility under a clearly erroneous standard. United States v. Portillo-Valenzuela, 20 F.3d 393, 394 (10th Cir.), cert. denied, --- U.S. ---- (1994); United States v. Lloyd, 13 F.3d 1450, 1453 (10th Cir.1994). We recognize that the district court is in a unique position to evaluate a defendant's acceptance of respondents. For this reason, the determination of the sentencing court is entitled to great deference on review. United States v. Gacnik, 50 F.3d 848, 853 (10th Cir.1995); U.S.S.G. 3E1.1, comment. (n.5).
 
 
 15
 A defendant who enters a guilty plea is not entitled to a downward departure for acceptance of responsibility as a matter of right. Gacnik, 50 F.3d at 853; United States v. Robinson, 14 F.3d 1200, 1203 (10th Cir.1994); U.S.S.G. 3E1.1, comment. (n.3). The guidelines provide that the offense level should be reduced if the defendant clearly demonstrates acceptance of responsibility for his offense. United States v. Janus Indus., 48 F.3d 1548 (10th Cir.1995); U.S.S.G. 3E1.1. However, the defendant bears the burden of proving by a preponderance of the evidence that he has accepted responsibility. United States v. McCollom, 12 F.3d 968, 972 (10th Cir.1993); United States v. Tovar, 27 F.3d 497, 498 (10th Cir.1994) (quoting United States v. Chimal, 976 F.2d 608, 613 (10th Cir.1992), cert. denied, --- U.S. ---- (1993)).
 
 
 16
 After review of the record, we commend Smyers' counsel for his forthrightness. There is nothing in the record to indicate that Smyers accepted responsibility for his criminal conduct. On the contrary, his actions as well as his statements demonstrate quite the opposite, i.e., that he consistently failed to accept full responsibility for his criminal conduct and instead transferred the blame for his conviction to the victims who were duped by his fraudulent conduct. Under these circumstances, we find no error in the district court's refusal to grant Smyers a downward departure for acceptance of responsibility.
 
 
 17
 Accordingly, we AFFIRM the sentence imposed by the district court and GRANT counsel's request to withdraw.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470