**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 31 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MELISSA YOUNG,

    Defendant-Appellant.

No. 97-4027
(D.C. No. 95-CR-180-S)
(Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Melissa Young pled guilty to three counts of transmitting threats in interstate commerce in violation of 18 U.S.C. § 875(c), and one count of mailing a threatening communication in violation of 18 U.S.C. § 876. On appeal, Ms.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Young contends the court improperly denied her a downward adjustment for acceptance of responsibility, abused its discretion in departing upward to the statutory maximum, and erred in failing to make adequate findings to support the degree of its upward departure. We affirm.

Ms. Young's convictions and sentence are the result of her bitter dispute with the faculty and administration of the University of Utah, at which she had been a doctoral candidate. The threats for which Ms. Young was convicted were made after she had been informed she had failed a candidacy exam and left Utah to return to her home in Ohio. Ms. Young threatened, inter alia, to "eradicate as many people as possible" who were connected to the graduate school. Rec., vol. III, at 5. While in Ohio and after she had been indicted on the threat charges, Ms. Young, a former military intelligence officer qualified as a marksman with automatic weapons, illegally purchased a pump-action shotgun with a seven-round magazine and two boxes of ammunition, and a semi-automatic rifle with a 30-round magazine and two boxes of ammunition. She was arrested in Ohio after her landlord, with whom she had stored the guns, reported to authorities she had broken into his apartment with a claw hammer, assaulted him and taken the guns. He also told authorities that she had practiced for her return to Utah by shooting at prostitutes with a paint gun.

Before sentencing Ms. Young, the court made the following findings:

The Court finds that the written and verbal threats of mass murder by the defendant were coupled with conduct indicating a determination to carry out these threats. Her conduct is a clear indication that she had the necessary intent and had taken affirmative steps to carry out her threats by purchasing weapons and ammunition . . . knowing that she had a date scheduled to appear in the State of Utah in less than two weeks.

The [defendant's] backgrounds and circumstances do not outweigh what the Court deems to be the demands of justice, that in cases such as presented by the facts before the Court, that the maximum penalty authorized by law be imposed so that a strong message be sent that this type of conduct will not be tolerated and that the public safety will not be allowed to be endangered by a sentence that does not adequately address the facts as presented by this case . . . .

The Court has no evidence of remorse adequate to find that her attitude has changed.

Rec., vol. II, at 34-35.

The presentence report recommended that Ms. Young receive a three-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The district court declined upon finding that Ms. Young's lack of remorse indicated she had not changed the attitude which had given rise to her criminal activity. We review the denial of this adjustment under the clearly erroneous standard. United States v. McCollom, 12 F.3d 968, 972 (10th Cir. 1993). The sentencing judge's decision is entitled to great deference on review. Id.; U.S.S.G. § 3E1.1, comment. (n.5). Our review of the record supports the court's determination that although Ms. Young admitted committing the crimes and pled guilty, she showed no remorse, continued to insist that her acts were an understandable response to her

-3-

circumstances, and even indicated to her victims that "it doesn't matter whether it's two years or five years or ten years, she will be back." Rec., vol. II, at 26-27. Her argument that lack of remorse is not a factor in assessing acceptance of responsibility is without merit. "[O]ne who is without remorse and fails to acknowledge that his behavior was wrong clearly is not entitled to a reduction for acceptance of responsibility." United States v. Cousineau, 929 F.2d 64, 69 (2d Cir. 1991).

Ms. Young also contends the court improperly departed upward. We review a decision to depart under an abuse of discretion standard, evaluating

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure, (3) whether the record sufficiently supports the factual basis underlying the departure, and (4) whether the degree of departure is reasonable.

United States v. Collins, 122 F.3d 1297, 1303 (10th Cir. 1997).

In deciding to depart, the district court relied on the threat posed to public safety by Ms. Young's conduct. The Guideline for these crimes expressly states that it does not include all potentially relevant circumstances and that the court may consider factors not incorporated therein. U.S.S.G. § 2A6.1, comment. (n.1). Endangerment to public safety is an encouraged departure factor. Id. § 5K2.14. Because the applicable guideline does not already take this factor into account, the court properly departed on that basis. Collins, 122 F.3d at 1302-03. Our

review of the record reveals that the court here did not abuse its discretion in determining an upward departure was appropriate.

Ms. Young also contends the court did not adequately set out the reasons for the degree of departure. In reviewing the reasonableness of the degree of departure, we consider the court's reasons in light of the seriousness of the offense, the need for just punishment, deterrence, and the protection of the public, as well as the defendant's need for correctional treatment. Id. at 1308-09. The judge must specifically articulate the reasons for the degree of departure. Id. at 1309. Here the court recited all of the above considerations and concluded that only the maximum sentence allowed by law would adequately address them. We find this conclusion reasonable in light of the record. Under the facts before us we do not believe that the court's articulation of its reasoning was inadequate. See United States v. Atkinson, No. 94-4229, 1995 WL 620142 (10th Cir. Oct. 16, 1995).

**AFFIRMED**.

ENTERED FOR THE COURT
Stephanie K. Seymour
Chief Judge