**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUINCY DEANDRE KELLY,

Defendant - Appellant.

No. 98-2255

(D. New Mexico)

(D.C. No. CR-97-497-HB)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Quincy Deandre Kelly pleaded guilty to one count of possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and a jury

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

convicted him of a related charge of using or carrying a gun in connection with a drug crime, in violation of 18 U.S.C. § 924. In this appeal from the sentence imposed, Kelly contends that the district court miscalculated his offense level reduction for acceptance of responsibility on the § 841(a)(1) offense. We affirm.

On July 23, 1997, Kelly was a passenger in a car driven by a friend. At a border control point in New Mexico, agents discovered a duffel containing marijuana in the car's trunk, and Kelly admitted ownership of a firearm located in a duffel behind the front seat. However, he claimed the firearm was unrelated to the drug crime. Both the driver and Kelly were indicted on drug and related firearm charges. Trial was initially set for October 15, 1997. Following a government motion for a continuance in order to facilitate plea negotiations, the trial was reset for December 9, 1997. Kelly's codefendant entered a plea agreement in late October. On November 5, Kelly entered a plea to the drug trafficking charge only. Unlike his codefendant, Kelly's plea did not result from an agreement with the government.

On November 12, Kelly's first jury trial on the gun charge began. When the jury could not reach a verdict, the court declared a mistrial. Subsequently, on December 9, a second jury trial commenced, and this time a guilty verdict was returned. The subsequent Presentence Investigation Report (PSR) recommended a two point offense level reduction for acceptance of responsibility related to

Kelly's guilty plea on his § 841 conviction.  Without objection from either Kelly or the government,[1] the district court accepted the PSR recommendation.  The court then sentenced Kelly to twenty-one months under the guidelines on the drug conviction, and to a consecutive statutory term of five years on the § 924 conviction.  Kelly now appeals, contending that the district court committed plain error when it failed to accord him the full three point offense level reduction related to his timely guilty plea on the § 841 charge.

Pursuant to USSG § 3E1.1(a), if the defendant clearly demonstrates acceptance of responsibility for his offense, the district court shall "decrease the offense level by 2 levels."  Id.  Additionally, if the defendant qualifies for a reduction under subsection (a), and the offense level before that reduction is sixteen or greater, "and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by . . . timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently," the court shall "decrease the offense level by 1 additional level."  USSG § 3E1.1(b).

---

[1]In its responsive brief, the government challenges Kelly's entitlement to the two point reduction for acceptance of responsibility.  Because the government failed to make this argument before the district court, we do not consider it.  See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

Kelly's entitlement to an additional reduction for acceptance of responsibility under subsection (b) involves resolutions of fact which we would review under a clearly erroneous standard, had Kelly properly objected at sentencing. See United States v. McCollom, 12 F.3d 968, 972 (10th Cir. 1993). However, as noted, Kelly failed to object to the PSR and otherwise failed to raise his entitlement to the additional reduction before the district court. Therefore, we review the district court's application of the sentencing guidelines for plain error only. Fed. R. Crim. P. 52(b); see United States v. Jones, 80 F.3d 436, 438 (10th Cir. 1996). Under the plain error standard, Kelly must show clear or obvious error that affected his substantial rights and seriously affected the integrity of the judicial proceedings. See Johnson v. United States, 520 U.S. 461, 467 (1997). Although a court's erroneous resolution of a legal question which results in the misapplication of a guideline provision may constitute plain error, see United States v. Ivy, 83 F.3d 1266, 1294-95 (10th Cir. 1996), we have generally held that factual disputes regarding the applicability of a particular guideline do not rise to the level of plain error. Id. at 1294; Jones, 80 F.3d at 438; see also United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994) (noting that failure to object to a presentence report's statement of fact constitutes a waiver of the issue).

In this case, Kelly's failure to raise the matter before the district court deprived that court of the opportunity to make the requisite factual findings

regarding Kelly's entitlement to an additional reduction.  Under the circumstances, we conclude the court's failure to grant an additional reduction pursuant to USSG § 3E1.1(b) does not rise to the level of plain error.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge