**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gerald Dorson HARRIS, Defendant–
Appellant.**

No. 92–1224.

United States Court of Appeals,
Tenth Circuit.

June 10, 1993.

Michael J. Norton, U.S. Atty., Daniel J. Cassidy, and John M. Hutchins, Asst. U.S. Attys., Mountain States Drug Task Force, Denver, CO, for plaintiff-appellee.

Michael G. Katz, Federal Public Defender and Virginia L. Grady, Asst. Federal Public Defender, Denver, CO, for defendant-appellant.

Before EBEL and KELLY, Circuit Judges, and VRATIL, District Judge.*

---

* The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

VRATIL, District Judge.

Defendant Gerald Dorson Harris entered a conditional plea of guilty to charges of possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and possessing a firearm while in possession of crack cocaine in violation of 18 U.S.C. § 924(c). The district court denied defendant's motion to suppress evidence which police discovered in the course of what the court held was a routine vehicle stop. Defendant appeals. For the reasons stated below, we affirm.

## I. Facts

On April 21, 1992, at approximately 10:50 p.m. defendant parked his car in front of a fire hydrant in a high-crime residential neighborhood in Denver, Colorado. After turning off the headlights, defendant realized that he had parked in a no-parking zone. He immediately turned on the headlights, pulled the car back out onto the street, and moved it to a legal parking space.

While driving down the opposite side of the street, two Denver police officers observed these maneuvers. They noticed that defendant had parked in a no-parking zone, then failed to signal when pulling back out onto the street. They also noticed that defendant was driving in what they believed to be an erratic and attention-alerting manner. Accordingly, the officers decided to investigate. The officers did a u-turn, activated their overhead lights, pulled behind defendant's car, and directed their spotlight toward defendant and his car.

The two officers approached defendant's car along opposite sides. They beamed flashlights inside the car and asked defendant for his driver's license, registration, and proof of insurance. At about this time, the officers spotted a handgun inside defendant's jacket. The officers immediately arrested defendant and, incident to the arrest, discovered a film canister containing six rocks of crack cocaine on defendant's person.

## II. Discussion

Defendant claims that the trial court erred in denying his motion to suppress because no reasonable police officer would have stopped him under the circumstances. Therefore, according to defendant, the stated reasons for the stop were pretextual and legally insufficient to justify the search which followed.

When reviewing the denial of a motion to suppress, we must accept the district court's findings of fact unless they are clearly erroneous. *United States v. Martinez,* 983 F.2d 968, 972 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1959, 123 L.Ed.2d 662 (1993).

Whether a vehicle stop for a misdemeanor traffic infraction is pretextual depends upon whether the stop was objectively reasonable under the circumstances. *United States v. Guzman,* 864 F.2d 1512, 1517 (10th Cir.1988) (citing *United States v. Smith,* 799 F.2d 704, 709–710 (11th Cir.1986)). Whether the officers were otherwise suspicious about defendant's activity is irrelevant, so long as a reasonable officer would have stopped defendant under the circumstances. *United States v. Neu,* 879 F.2d 805, 808 (10th Cir. 1989).

Defendant insists that by the officers' own testimony, the Denver police do not normally issue written tickets in the circumstances present here. But whether the officers would normally issue formal written tickets for such conduct is immaterial. The pertinent issue is whether a reasonable officer would have made the stop for similar conduct, not whether the officer would have issued a formal citation or merely an informal warning. *See United States v. Deases,* 918 F.2d 118, 120 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2859, 115 L.Ed.2d 1026 (1991).

While on routine patrol, these officers saw defendant park his car in a no parking zone and pull away from the curb without signalling. They not only witnessed these outright traffic violations; defendant also drove the car in an erratic and attention-alerting manner which caused Officer Allen to question

whether defendant was driving under the influence. Both officers testified that they make occasional stops for such conduct, although they do not usually issue written traffic tickets in such circumstances.

Based on this testimony, the district court found that the stop was objectively reasonable. Specifically, the district court found that the officers routinely gave verbal warnings to drivers who pulled away from the curb without signalling, and that when a car's motion was abrupt or erratic, they also checked whether the driver might be driving under the influence. The record supports this finding, and we find that it is not clearly erroneous.

Given the facts detailed in the record, we conclude that the officers' decision to stop defendant was " 'business as usual,' not a deviation from normal practice." *Martinez*, 983 F.2d at 972 (quoting *United States v. Werking*, 915 F.2d 1404, 1408 (10th Cir. 1990)). We believe the officers' decision to stop defendant's vehicle was fully justified and consistent with their usual practice of enforcing Colorado's traffic laws. Defendant puts forth no evidence that convinces us otherwise.

### III.  Conclusion

For the reasons stated above, the district court's denial of defendant's motion to suppress is AFFIRMED.