**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Torrey Allen FETHEROLF,**
**Defendant–Appellant.**

No. 93–4080.

United States Court of Appeals,
Tenth Circuit.

April 11, 1994.

Scott M. Matheson, Jr., U.S. Atty., and Kevin L. Sundwall, Sp. Asst. U.S. Atty., Salt Lake City, UT, for plaintiff-appellee.

G. Fred Metos, Salt Lake City, UT, for defendant-appellant.

Before MOORE, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and COOK, Senior District Judge.**

McWILLIAMS, Senior Circuit Judge.

In a second superceding indictment, Torrey A. Fetherolf, along with Shane Dee Thomas, was charged in Count 1 with taking, on June 23, 1992, $9,824 which belonged to the Granite Credit Union, a bank whose deposits were insured by the National Credit Union Association. Count 1 further charged that in committing the offense, the defendants assaulted and put in jeopardy the life of another by use of a knife and a gun, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2 (1988). In Count 2 Fetherolf and Thomas were charged with using a firearm on June 23, 1992, in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (1988). In Count 3 Fetherolf and Thomas were charged with taking by force and violence on November 10, 1992, $4,060 which belonged to the Utah C.V. Federal Credit Union, a bank whose deposits were insured by the National Credit Union Association, in violation of 18 U.S.C. §§ 2113(a) and 2.

As the result of a plea bargain, Fetherolf pleaded guilty to Counts 1 and 3 on January 20, 1993, in exchange for which Count 2 was dismissed. The probation department conducted a presentence investigation and filed a presentence report to which counsel for Fetherolf filed objections. Specifically, counsel objected to the recommendations in the report that Fetherolf's base offense level be increased (1) because Fetherolf had attempted to obstruct justice, and (2) because Fetherolf had brandished a firearm in the June 23 robbery. Counsel also objected to the rec-

---

** Honorable H. Dale Cook, Senior District Judge, Northern District of Oklahoma, sitting by designation.

ommendation that Fetherolf's base offense level not be decreased for acceptance of responsibility.

The district court conducted two evidentiary hearings in connection with counsel's objections to the presentence report, at the conclusion of which the district court held that in the June 23 robbery Fetherolf had brandished a firearm and that Fetherolf's base offense level would be increased by 5 levels because of that fact. Also, the district court increased Fetherolf's base offense level by an additional 2 levels because of Fetherolf's attempt to obstruct justice. At the same time, the district court denied counsel's request that Fetherolf's base offense level be decreased by 2 levels for acceptance of responsibility. Fetherolf was then sentenced under the United States Sentencing Guidelines ("Sentencing Guidelines") to imprisonment for 151 months, the "low end" of the sentencing guideline range, which was 151 to 188 months. Fetherolf appeals the sentence thus imposed.

### I.  *Obstruction of Justice*

■ Sentencing Guidelines § 3C1.1 reads as follows:

> *Obstruction or Impeding*
> *the Administration*
> *of Justice*

If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

As indicated, the district court held two evidentiary hearings on counsel's several objections to the presentence report. At one hearing, the girlfriend of Thomas, the co-defendant, testified that after she received a subpoena to testify before a grand jury she had occasion to go to Fetherolf's home and that on that occasion Fetherolf threatened her and told her "not to tell the truth" to the grand jury and that she should "stick to the same story." Thomas' girlfriend stated that

she told Fetherolf that she wasn't going to lie for either Fetherolf or Thomas, and that Fetherolf then repeated his desire that they all stick to their story.[1] At the hearing, Fetherolf testified and denied threatening Thomas' girlfriend, although he did admit that he asked her to stick to their story in her testimony before the grand jury, which was, "we weren't involved."

■ The district court found that as a matter of fact Fetherolf had attempted to obstruct justice by asking Thomas' girlfriend to lie and to "stick to the same story" when she testified before the grand jury. On review, we will not overturn a district court's determination that a defendant has obstructed justice, or attempted to do so, unless it is "clearly erroneous." In our view, the record before us supports the finding of the district court. The fact that the "attempt" didn't succeed does not expiate the attempt. Asking a person to lie before a grand jury is certainly an "attempt" to obstruct justice. *United States v. Hollis*, 971 F.2d 1441, 1460 (10th Cir.1992) (two-point enhancement under U.S.S.G. § 3C1.1 was justified where defendant unsuccessfully attempted to convince a witness to lie to the FBI), *cert. denied,* —— U.S. ——, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993); *United States v. Hernandez*, 967 F.2d 456, 459 (10th Cir.1992) (obstruction of justice enhancement warranted where the defendant unsuccessfully attempted to have a co-defendant retract information given to authorities).

### II.  *Firearm*

■ Sentencing Guidelines § 2B3.1 reads as follows:

**3.  ROBBERY,  EXTORTION,  AND BLACKMAIL**

**§ 2B3.1.  *Robbery***

(a) Base Offense Level: 20

(b) Specific Offense Characteristics

(1) If (A) the property of a financial institution or post office was taken, or if the taking of such property was an object

---

1. Thomas' girlfriend testified truthfully before the grand jury and implicated both Thomas and Fetherolf.

of the offense, or (B) the offense involved carjacking, increase by 2 levels.

(2)(A) If a firearm was discharged, increase by 7 levels; (B) if a firearm was otherwise used, increase by 6 levels; (C) if a firearm was brandished, displayed, or possessed, increase by 5 levels; (D) if a dangerous weapon was otherwise used, increase by 4 levels; (E) if a dangerous weapon was brandished, displayed, or possessed, increase by 3 levels; or (F) if an express threat of death was made, increase by 2 levels.

After the hearing, the district court found that in the June 23 robbery Fetherolf "brandished or displayed" a firearm and accordingly increased his base offense level by 5 levels. On appeal, Fetherolf's counsel argues that the record does not support this finding.

At the evidentiary hearing Shari Jensen, a teller, testified that on June 23, 1992, two persons robbed the Granite Credit Union and that one of the robbers had a firearm in his right hand and a bag in the other, and that the second robber had a knife. In this connection, Fetherolf advised the probation officer that he did participate in both robberies, but that he did not carry a firearm in either, and he so testified at the evidentiary hearing.

■ The district court found that Shari Jensen was a credible witness and, in effect, adopted her version of events, including her testimony that Fetherolf carried a firearm during the June 23 robbery. There also was testimony from an FBI agent which tended to corroborate Ms. Jensen's testimony. In sum, the record supports the district court's finding that the government had shown by a preponderance of the evidence that Fetherolf "brandished or displayed" a firearm during the June 23 robbery. On review, a sentencing judge's findings of fact made at a sentencing hearing should not be disturbed unless clearly erroneous. *United States v. Lambert,* 995 F.2d 1006, 1008 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 333, 126 L.Ed.2d 278 (1993).

### III. *Acceptance of Responsibility*

■ Sentencing Guidelines § 3E1.1 reads as follows:

### PART E—ACCEPTANCE OF RESPONSIBILITY

#### § 3E1.1. *Acceptance of Responsibility*

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

Counsel asked that Fetherolf be given a 2 level decrease in his base offense level because of his "acceptance of responsibility." The above guideline authorizes such a decrease if a defendant has "clearly demonstrated" his acceptance of responsibility. In the instant case, the district court rejected counsel's request, and, under the circumstances, we find no error.

Application Note 4 under § 3E1.1 reads as follows:

4. Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

In the instant case, as indicated, we have now upheld the district court's holding that Fetherolf attempted to obstruct justice and, additionally, that he did brandish a firearm in the June 23 robbery. We do not regard the instant case to be the extraordinary case where both §§ 3C1.1 and 3E1.1 could apply. The district court's denial of Fetherolf's request that he be given a 2–level decrease for acceptance of responsibility is not clearly erroneous.[2] *See United States v. Spedalieri,* 910 F.2d 707, 712 (10th Cir.1990).

Judgment affirmed.

2. Application Note 5 under § 3E1.1 states that

the sentencing judge is in a unique position to

evaluate a defendant's acceptance of responsibility and that a sentencing judge's determination of that matter is entitled to "great deference" on appeal.