25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Toribio OLIVAS, Defendant-Appellant.
 No. 92-3419.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1994.
 
 ORDER AND JUDGMENT[1][2]
 Before EBEL and KELLY, Circuit Judges, and COOK, District Judge.[3]
 Mr. Olivas appeals his conviction and sentence for possession with intent to distribute less than fifty kilograms of marijuana, 21 U.S.C. 841(a)(1), (b)(1)(D). He was sentenced to thirty-seven months and fined $1,000 with three years of supervised release. His total offense level included a two-level enhancement for obstruction of justice resulting from his testimony at his codefendant's trial, U.S.S.G. 3C1.1. On appeal, Mr. Olivas challenges (1) his continued detention after the driver of his vehicle received a traffic citation, (2) the voluntariness of his consent to search the vehicle, (3) the two-level enhancement for obstruction of justice, and (4) the failure to grant a two-level downward adjustment for acceptance of responsibility. Our jurisdiction arises under 28 U.S.C. 1291 and 18 U.S.C. 3742. We affirm the conviction, but remand for further findings on the two-level enhancement for obstruction of justice and reconsideration of the acceptance of responsibility issue.
 
 Background
 
 1
 A Kansas state highway patrol trooper stopped the vehicle in which Mr. Olivas was a passenger for speeding and passing without signalling. The driver of the vehicle and codefendant, Mr. Alvarado, was cited. The trooper asked additional questions of the pair, and searched the vehicle based upon consent. During the search, a canine alerted to the presence of drugs. The search led to the discovery of a pistol on the front seat, ammunition, and several packages of marijuana in a secret compartment in the gas tank.
 
 
 2
 Mr. Olivas sought to suppress the marijuana, arguing (1) the stop was pretextual, (2) once the citations had been issued, the trooper lacked reasonable suspicion or probable cause for further investigation, (3) the consent to search was involuntary, and (4) the trooper exceeded the scope of the consent, even if valid, in dismantling the vehicle. Aplt. Br. at 35-42. At the suppression hearing, the government conceded that the validity of its search depended wholly upon the consent to search. II R. 66-69. The court interpreter translated the Spanish consent to search form as "consent to register." II R. 61-62. The district court denied the suppression motion without making factual findings. II R. 72.
 
 
 3
 In our first order and judgment, we remanded to the district court for findings supporting its order denying suppression. We have now reviewed the supplemental record.
 
 Discussion
 
 4
 The district court found that the stop of the vehicle driven by Mr. Alvarado for speeding and passing without signalling was not pretextual. I R.S. doc. 114 at 7. The district court concluded that such a stop was objectively reasonable, and in accord with Kansas Highway Patrol policy of stopping for speeds of five miles-per-hour over the limit. The district court credited the state trooper's testimony that he routinely stops vehicles that travel 71 mph in a 65 mph zone and that pass without signalling. We have reviewed the record and conclude that the district court's findings are not clearly erroneous. See United States v. Harris, 995 F.2d 1004, 1005 (10th Cir.1993).
 
 
 5
 According to the district court, the officer issued the citation and warnings to Mr. Alvarado, returned the various documents, and then obtained codefendant Olivas's consent to search the vehicle. The record reflects that Mr. Alvarado agreed to answer the trooper's questions while still in the patrol car. II R. 17, 20. Mr. Alvarado remained in the patrol car while the trooper proceeded to the Defendants' vehicle to ask Mr. Olivas if he had any drugs, weapons or large amounts of cash. Id. at 20. The trooper then obtained Mr. Olivas's consent to the search. Mr. Olivas was asked to step out of his vehicle and, Mr. Alvarado, still in or near the patrol car, was told to approach the officer. Id. at 21.
 
 
 6
 The district court characterized the interaction, which ultimately led to Mr. Olivas's consent to search the vehicle, as "an ordinary consensual encounter," I R.S. doc. 114 at 8, which would be beyond the scope of the Fourth Amendment. See Florida v. Bostick, 111 S.Ct. 2382, 2387 (1991); United States v. McKneely, 6 F.3d 1447, 1451 (10th Cir.1993). "[A] reasonable person under these circumstances would believe that he was free to leave or disregard the officer's request for information." I R.S. doc. 114 at 8. Even though Mr. Alvarado remained in the patrol car while the trooper sought Mr. Olivas's consent, no evidence suggests that Mr. Alvarado was compelled to do so, thereby preventing Mr. Olivas from leaving or disregarding the trooper's questioning and request for consent. This case differs from United States v. Guzman, 864 F.2d 1512 (10th Cir.1988), in which the officer, lacking reasonable suspicion, extended questioning beyond that necessary to issue a citation, while retaining the motorist's documents. Id. at 1519. The Defendants' documents had been returned and the district court's determination that Mr. Olivas could have left or disregarded the officer's request for consent to search is not clearly erroneous. The record does not portray a coercive show of authority which would undermine this finding. See United States v. Turner, 928 F.2d 956, 959 (10th Cir.), cert. denied, 112 S.Ct. 230 (1991); United States v. Werking, 915 F.2d 1404, 1409 (10th Cir.1990), cert. denied, 112 S.Ct. 230 (1991).
 
 
 7
 Mr. Olivas next challenges his consent to the search of the vehicle as involuntary. This is a factual question, to be resolved based upon the totality of the circumstances. See Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). The government has the burden of proving free and voluntary consent. Id. at 222. Initially, we were concerned that the court interpreter had translated the form signed by Mr. Olivas as "consent to register." Upon remand, however, the district court found that the consent form was an accurate translation of the English version into Spanish, and adequately advised Mr. Olivas of the necessary information concerning consent to search. Mr. Olivas objected on unspecified Sixth Amendment grounds to the court's reliance on an affidavit by a foreign language professor (supplied by the government) as to the correct interpretation of the form, we agree with the district court that the objection was not well taken because it was entirely general and did not challenge the validity of the contents of the affidavit.
 
 
 8
 The district court relied on several factors in finding that consent was voluntary. The trooper testified that Mr. Olivas appeared to read the form, and signed it when requested to do so. Mr. Olivas opened the trunk of the car when requested, after obtaining the keys from the ignition. Neither Mr. Olivas nor his codefendant objected to the search while it progressed. Finally, during trial, Mr. Olivas indicated that the troopers had asked his permission to search the car. I R.S. doc. 110, attach. 2. The district court's finding concerning the voluntariness of consent is not clearly erroneous.
 
 
 9
 Mr. Olivas next contends that the district court erred in enhancing his sentence under U.S.S.G. 3C1.1 for obstructing or impeding the administration of justice. Normally, we review an obstruction of justice enhancement for clear error. United States v. Fitzherbert, 13 F.3d 340, 344 (10th Cir.1993). The district court overruled Mr. Olivas's objection and subsequently made a general determination that the presentence report was accurate. III R. 13-14. The presentence report began with the theory that the enhancement was warranted under U.S.S.G. 3C1.1, comment (n.3b), which provides that the enhancement should apply to "committing, suborning, or attempting to suborn perjury." According to the report, Mr. Olivas's testimony that he received the car loaded with marijuana the day before his arrest was designed to shield his codefendant from culpability. The presentence report cites to misrepresentations and inconsistencies in codefendant Alvarado's statements to the troopers. Even farther afield, the presentence report relies upon Mr. Olivas's use of a false social security number and address when obtaining a driver's license prior to commission of the instant offense. Given that 3C1.1 requires a defendant to have acted "during the investigation, prosecution, or sentencing of the instant offense" we fail to see how these facts were relevant, let alone impeded the investigation. See United States v. Robinson, 978 F.2d 1554, 1566 (10th Cir.1992), cert. denied, 113 S.Ct. 1855 & 2938 (1993).
 
 
 10
 Subsequent to the sentencing, the Supreme Court held that specific findings concerning each element of perjury are required when a defendant challenges a perjury enhancement under 3C1.1. United States v. Dunnigan, 113 S.Ct. 1111, 1117-18 (1993). In the absence of any district court findings, we must remand. See United States v. Markum, 4 F.3d 891, 897-98 (10th Cir.1993). This is not a case in which the district court's apparent agreement with the presentence report provides a clear understanding of the information it relied upon. See United States v. Ballard, 16 F.3d 1110, 1113 (10th Cir.1994).
 
 
 11
 Mr. Olivas lastly challenges the district court's denial of a two-point downward adjustment for acceptance of responsibility. U.S.S.G. 3E1.1. He argues that he freely admitted the conduct underlying the count upon which he was convicted, and that only the offense of conviction can be considered. While it is true that "[a] defendant may remain silent in respect to relevant conduct beyond the offense of conviction" and be found to have accepted responsibility, the Guidelines also provide that "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true" normally will not have accepted responsibility. U.S.S.G. 3E1.1, comment. (n.1a).
 
 
 12
 We remand the acceptance of responsibility determination to the district court, however, because the presentence report relied upon U.S.S.G. 3E1.1, comment. (n.4) indicating that absent an extraordinary case, conduct resulting in an obstruction adjustment under U.S.S.G. 3C1.1 ordinarily indicates the lack of acceptance of responsibility. See United States v. Fetherolf, 1994 WL 117197, * 2 (10th Cir.1994); United States v. Amos, 984 F.2d 1067, 1073 (10th Cir.1993). Because the district court will reconsider the 3C1.1 adjustment, we deem it best for this matter to be reconsidered in light of that determination. We express no opinion on the proper disposition.
 
 
 13
 AFFIRMED and REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [3]
 The Honorable H. Dale Cook, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation