60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Glenn DOWNING, Defendant/Appellant.
 No. 94-8075.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1995.
 
 1
 Before SEYMOUR, Chief Judge, BARRETT, Circuit Judge, and DAUGHERTY, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DAUGHERTY, District Judge.
 
 
 4
 The Defendant appeals his sentence imposed pursuant to the Sentencing Guidelines, after being convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B), and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1). Specifically, the Defendant contends that the Court improperly enhanced his sentence under USSG Sec. 3C1.1 for obstruction of justice and that he was improperly denied an offense level reduction for acceptance of responsibility pursuant to USSG Sec. 3E1.1. We exercise jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 I. BACKGROUND
 
 5
 The Defendant Glenn Downing was arrested on September 12, 1993 in Gillette, Wyoming. The Defendant was found to be in possession of a gun at the time of his arrest, and a search of his car resulted in the seizure of 13.5 ounces of methamphetamine. Subsequent to his arrest, the Defendant gave a detailed confession to Wyoming law enforcement officers, setting forth his participation in a conspiracy to distribute methamphetamine and implicating other members of the conspiracy.
 
 
 6
 A two-count indictment was filed in the United States District Court for the District of Wyoming on January 23, 1994, charging the Defendant with violations of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B) and 18 U.S.C. Sec. 924(c)(1).
 
 
 7
 The case was tried in March 1994. The Defendant did not seriously challenge his guilt with respect to the drug charge, but vigorously contested the firearms charge in Count Two of the indictment, claiming that the weapon found in his possession at the time of his arrest had nothing to do with drug distribution activities. The jury found the Defendant guilty on both counts.
 
 
 8
 The Defendant was sentenced on July 1, 1994. Prior to his sentencing, the Defendant wrote a letter from jail which was intercepted by prison officials. In the letter, the Defendant states to his friend Lynette that he wants "Steph" dead and directs her "not to leave any hair or fingerprints behind. Nuckel [sic] prints and bruses [sic] yes, but fingerprints no." "Steph" was identified as Stephanie Tomanio, an informant regarding the activities of the Defendant and his co-conspirators. Stephanie Tomanio had testified before the grand jury and would have testified on behalf of the Government at the trial of the Defendant's co-conspirators had they not entered guilty pleas.
 
 
 9
 The trial court imposed a two-level enhancement under USSG Sec. 3C1.1 for obstruction of justice based on the letter, and refused to adjust the Defendant's sentence downward based on acceptance of responsibility under USSG Sec. 3E1.1. The Defendant was sentenced to imprisonment for 188 months on Count One and 60 months on Count Two of the indictment, with the sentence imposed on Count Two to run consecutively to that on Count One. This appeal followed.
 
 II. ISSUES
 A. Obstruction of Justice
 
 10
 The Defendant contends that the trial court improperly enhanced his sentence under USSG Sec. 3C1.1 for obstruction of justice. We review a district court's determination to enhance the sentence for obstruction of justice for clear error only. United States v. McCann, 940 F.2d 1352, 1360 (10th Cir.1991); United States v. Williams, 897 F.2d 1034, 1041 (10th Cir.1990), cert. denied, 500 U.S. 937, 111 S.Ct. 2064, 114 L.Ed.2d 469 (1991).
 
 
 11
 Section 3C1.1 of the Sentencing Guidelines calls for a two-point sentence enhancement where a "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution or sentencing of the instant offense." USSG Sec. 3C1.1. Conduct which may provide a basis for applying Section 3C1.1 includes "threatening, intimidating or otherwise unlawfully attempting to influence a codefendant, witness or juror, directly or indirectly." USSG Sec. 3C1.1, comment. (n. 3(a)); United States v. Reid, 911 F.2d 1456, 1463 (10th Cir.1990), cert. denied, 498 U.S. 1097, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991).
 
 
 12
 The district court found that the language in the letter to Lynette constituted a threat to a potential witness. At the sentencing hearing, the Court stated:
 
 
 13
 "Of course, the problem here is this: That while this was after your trial and before your sentencing, your codefendants were still, at the time you wrote this letter, unpled. They had not pleaded. Mr. Carr hadn't. And the case against them was still going forward so that at this point Stephanie, who was a witness against you, would be a witness against them too.
 
 
 14
 I don't think that that letter can be read as anything but an attempt to get even with her for being a snitch. I think that's the fair burden of it. You were asking the addressee of the letter to rough her up and thus get even with her and make it pretty clear that this came from you.
 
 
 15
 I think I've got to conclude in fairness to both the Government and to you that this is impeding the administration of justice in the course of sentencing and in connection with the prosecution of the other cases. So I have concluded that the two-level enhancement is fair and just."
 
 
 16
 Transcript of Sentencing, pages 39-40.
 
 
 17
 The Defendant first complains that the Court's decision is flawed because the Court did not specifically find that the Defendant "willfully" attempted to obstruct justice as required by the Guideline. In this connection, the Defendant contends that the Court's only factual finding indicated at most an intent to "get even" with an informant, rather than to hinder the Government's efforts to pursue the case.[1]
 
 
 18
 The Defendant's contentions in this regard are without merit. First, a fair reading of the Court's statements indicates that the Court was concerned about the Defendant's intent to intimidate a witness who was scheduled to testify in the trials of the Defendant's co-conspirators. This Court has previously held that "the Section 3C1.1 enhancement applies where a defendant attempts to obstruct justice in a case closely related to his own, such as that of a codefendant." United States v. Bernaugh, 969 F.2d 858, 861 (10th Cir.1990).
 
 
 19
 Even had the trial court found only that the Defendant was attempting to "get even" with a "snitch," such would constitute conduct sufficient to be considered an obstruction of justice under the Guideline. The Application Notes[2] following Guideline 3C1.1 provide a non-exhaustive list of obstructive conduct. Note 3(i) states that conduct that is prohibited by 18 U.S.C. Secs. 1501 through 1516 shall be considered obstructive, and Sec. 1513(a)(2) prohibits intentional retaliation against an informant. The district court clearly found the Defendant to be engaged in such retaliatory conduct and thus correctly found that such conduct warranted an enhancement under Section 3C1.1.[3]
 
 
 20
 The Defendant next contends that the trial court did not properly find that the Defendant "attempted" to obstruct or impede the administration of justice. We disagree. While the Defendant is correct that the crime of attempt requires proof of the requisite criminal intent and an act or omission constituting a "substantial step" towards commission of the substantive offense, United States v. Sullivan, 919 F.2d 1403, 1429 (10th Cir.1990), both of those elements are satisfied in this case.[4] The district court clearly found that the Defendant intended to obstruct justice by means of the statements in the letter and we do not find such interpretation of the letter to be clearly erroneous. As to the "substantial step" requirement, there can be little doubt that the writing and mailing of the letter to Lynette constitutes a substantial step toward the Defendant's goals.[5] The fact that the threat was not conveyed directly to Stephanie herself does not change this result, as the Guideline covers indirect attempts. Larson, 978 F.2d at 1026.[6]
 
 
 21
 Lastly, the Defendant contends that the district court improperly relied on the effect the threat to Stephanie might have on a co-conspirator's trial as a basis for enhancement. The Defendant asserts that the term "instant offense" as used in the Guideline refers to the Defendant's case alone. Such is not the law of this circuit. As we previously stated, this Court has held that a sentence is properly enhanced under Section 3C1.1 when a defendant attempts to obstruct justice in a case closely related to his own. Bernaugh, 969 F.2d at 861. Accordingly, the district court properly enhanced the Defendant's sentence under USSG Sec. 3C1.1.
 
 B. Acceptance of Responsibility
 
 22
 The Defendant argues that he should have received credit for acceptance of responsibility under USSG Sec. 3E1.1, which provides for a two-level decrease in the offense level if "the defendant clearly demonstrates acceptance of responsibility. USSG Sec. 3E1.1(a). The trial court's decision not to grant such a reduction is a factual determination reviewed under the clearly erroneous standard. United States v. Garcia, 987 F.2d 1459, 1461 (10th Cir.1993), and the Defendant bears the burden of proof on this issue. United States v. McCollom, 12 F.3d 968, 972 (10th Cir.1993). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review," USSG Sec. 3E1.1, comment. (n. 5); McCollom, 12 F.3d at 972, and is "nearly always sustained." United States v. March, 999 F.2d 456, 463 (10th Cir.1993).
 
 
 23
 The Defendant asserts that he accepted responsibility for his actions, in that he never denied being involved in the sale of drugs and gave the Government information implicating his co-conspirators. The Defendant argues that he only disputed that he intended to use the gun to further his illegal drug activities, and that proceeding to trial on that basis should not prohibit him from receiving credit under Section 3E1.1.
 
 
 24
 While the Defendant is correct that "the decision to go to trial, in and of itself, does not foreclose his eligibility for the reduction," those situations will be rare and will generally involve preserving issues not related to factual guilt. March, 999 F.2d at 463, citing United States v. Rodriguez, 975 F.2d 999, 1009 (3rd Cir.1992); USSG Sec. 3E1.1, comment. (n. 2). Such is not the situation in this case. There is no dispute that the Defendant vigorously contested his factual guilt as to Count Two of the indictment involving possession of a firearm in relation to a drug trafficking crime. The downward adjustment provided for in Section 3E1.1 "is not intended to apply to a defendant who puts the Government to its burden of proof at trial," USSG Sec. 3E1.1, comment. (n. 2); United States v. Portillo-Valenzuela, 20 F.3d (10th Cir.1994), and thus the trial court correctly held such section not to be applicable to Defendant Downing.
 
 
 25
 In addition, and perhaps more importantly, the Guideline provides and this Court has held that "[c]onduct resulting in an enhancement under Section 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." USSG Sec. 3E1.1, comment. (n. 4); United States v. Reid, 911 F.2d at 1464. Because we hold that the Defendant's sentence was properly enhanced for obstruction of justice, we also hold that a reduction for acceptance of responsibility was properly denied.[7]
 
 
 26
 Defendant Downing's sentence is AFFIRMED.
 
 
 
 *
 The Honorable Fred Daugherty, Senior United States District Judge for the Western, Eastern and Northern Districts of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 To the extent that the Defendant is complaining about the district court's omission of the precise word "willful," such complaint is without merit. Although the Court did not parrot the exact language of the Guideline, it is apparent that the Court found the Defendant's conduct to be willful, in that the Court specifically found the letter was written with the intent to retaliate against a Government witness
 
 
 [2]
 "Commentary in the Guidelines Manual that interprets or explains a Guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that Guideline." Stinson v. United States, --- U.S. ----, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598, 603 (1993)
 
 
 [3]
 The Defendant asserts on appeal, as he did in his sentencing hearing, that the remarks made in the letter to Lynette should properly be construed only as the anger of a jilted lover towards a former fiancee. We conclude, however, that the district court's interpretation of the letter as a threat is more than reasonable and thus not clearly erroneous. United States v. Larson, 978 F.2d 1021, 1025 (8th Cir.1992); McCann, 940 F.2d at 1360
 
 
 [4]
 As we stated in regard to the Defendant's argument concerning willfulness, the fact that the Court did not use the precise phrase "substantial step" is of no moment
 
 
 [5]
 An attempt does not have to succeed in order to be considered as such. United States v. Fetherolf, 21 F.3d 998, 1000 (10th Cir.1994)
 
 
 [6]
 The case of United States v. Brooks, 957 F.2d 1138 (4th Cir.1992), cited by the Defendant in support of his position is factually distinguishable. In Brooks, the defendant had threatened a co-conspirator who was a Government witness and later repeated the threat to a prison guard. The guard apparently did not inform the witness of the defendant's second threat. The Court enhanced the defendant's sentence for obstruction of justice based only on the second threat relayed to the prison guard. The Fourth Circuit held that the comment to the guard, standing alone, could not support such an enhancement and stated that "[a]t a minimum, Section 3C1.1 requires that the defendant either threaten the codefendant, witness or juror in his or her presence or issue the threat in circumstances in which there is some likelihood that the codefendant, witness or juror will learn of the threat." Brooks, 957 F.2d at 1149. In this case, the trial court specifically found that the Defendant intended for Stephanie Tomanio to learn about his threat, and such finding is not clearly erroneous
 
 
 [7]
 The Defendant also complains that he should be entitled to the credit as a result of the Government's refusal to go forward with a proposed plea agreement. The proposed agreement provided that if the Defendant pleaded guilty to both counts in the indictment and cooperated fully and truthfully with the Government, the Government would recommend a three-level credit for acceptance of responsibility pursuant to USSG Sec. 5K1.1. The Government ultimately refused to make such recommendation because of what it viewed as dishonest accusations on the part of the Defendant. The Government's refusal to make a recommendation under Section 5K1.1 is within its discretion except in certain limited instances, none of which are applicable in this case, United States v. Lee, 989 F.2d 377, 379 (10th Cir.1993), and thus the Defendant's argument is without merit