**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

**Filed 2/29/96**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
|       Plaintiff - Appellee, | No. 95-1168 |
|      v. | (D.C. No. 94-CR-74-N) |
| VU BUI, | (D. Colorado) |
|       Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **ANDERSON, BARRETT,** and **LOGAN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

On February 3, 1995, defendant-appellant Vu Bui pled guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371, 1344, and 2, and bank fraud and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the 10th Cir. R. 36.3.

aiding and abetting in violation of 18 U.S.C. §§ 1344 and 2. He was subsequently sentenced to thirty-three months imprisonment. Bui appeals that sentence contending that the district court erred in not granting a two-level downward adjustment for acceptance of responsibility. We affirm.

The uncontested facts show that Bui was part of an extensive Vietnamese organized crime operation originating in southern California. The scheme involved the production of counterfeit checks which were then cashed at financial institutions throughout the United States. Bui held the position of "driver," which entailed obtaining the cars to be driven to various banks, distributing the counterfeit checks to face men (lower-level men who passed checks), and paying these men their cut of the counterfeit checks.

Bui was originally arrested on March 3, 1994, and was subsequently released on a $5,000 unsecured bond. On August 1, 1994, Bui ceased reporting to a U.S. Pretrial Services Office in California and later failed to appear for a hearing in the instant case. Because of Bui's non-availability, the trial of his co-defendant, Jeffery Dettloff, was postponed. On November 14, 1994, a second warrant for Bui's arrest was issued and on November 28, 1994, Bui was rearrested. As part of a plea agreement, Bui and the government agreed to a nonbinding guideline sentence calculation which included a two-point enhancement for obstruction of justice pursuant to USSG §3C1.1, and a two-point decrease for acceptance of responsibility pursuant to USSG §3E1.1.

At the sentencing hearing on April 14, 1995, the district court refused to grant an adjustment for acceptance of responsibility, relying primarily on Application Note 4 under §3E1.1, which reads as follows:

> 4. Conduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§3C1.1 and 3E1.1 may apply.

USSG §3E1.1, comment. (n.4).

We review the "acceptance of responsibility" determination as a question of fact under the "clearly erroneous" standard. 18 U.S.C. § 3742(e); United States v. Janus Indus., 48 F.3d 1548, 1560 (10th Cir. 1995). Accordingly, the trial court's conclusion of whether a defendant has accepted responsibility is subject to "great deference on review and should not be disturbed unless it is without foundation." Id.; see also USSG §3E1.1, comment. (n.5) (Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility . . . the sentencing judge['s determination] is entitled to great deference on review."). The defendant bears the burden of proof and the quantum of proof is a preponderance of evidence. United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir. 1990).

Bui argues that, because he readily admitted his role as a driver and made additional statements regarding his role in the operation, he is entitled to the reduction. He does not dispute the obstruction of justice enhancement due to his abscondence. He

contends, however, that his wrongdoing does not preclude a finding of acceptance of responsibility because, he argues, he fled during Dettloff's trial not to impede justice, but to protect himself. Regardless of Bui's motive, he did not voluntarily surrender after violating the conditions of his parole and his disappearance as a key witness during Dettloff's trial cost the prosecutors and trial court additional time, effort, and expense. Bui's arguments are unavailing as he has not met his burden of proof in showing that this is an "extraordinary case," in which adjustments for both obstruction of justice under §3C1.1 and acceptance of responsibility under §3E1.1 would be appropriate. Accordingly, the district court's denial of Bui's request that he be given a decrease for acceptance of responsibility is not clearly erroneous. See, e.g., United States v. Fetherolf, 21 F.3d 998, 1001 (10th Cir. 1994); Spedalieri, 910 F.2d at 712.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge