### UNITED STATES of America, Plaintiff–Appellee,

v.

### Ramon WILSON, Defendant–Appellant.

### No. 01–1596.

United States Court of Appeals, Tenth Circuit.

Oct. 9, 2002.

John W. Suthers, U.S. Attorney, Sean Connelly, Denver, CO, for Plaintiff–Appellee.

Robert Seldis Berger, Denver, CO, for Defendant–Appellant.

Before KELLY, McKAY, and MURPHY, Circuit Judges.

### ORDER AND JUDGMENT*

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On September 6, 2001, Defendant–Appellant Ramon Wilson was convicted by a jury of one count of armed robbery and one count of using a firearm in connection with a crime of violence. Following his arrest for this charge on April 1, 2001, Appellant confessed to the robbery of a bank in Denver, Colorado, on March 21, 2001. At sentencing, the district court imposed a two-level increase in the offense level of Appellant's sentence. The court concluded that he had obstructed the administration of justice by threatening two individuals with death if they told anyone of his involvement in the robbery. Appellant challenges this two-level enhancement in offense level in this appeal.

The undisputed facts indicate that following the robbery Appellant visited Mr. Schiavone and Mr. Nelson at Mr. Schiavone's home, where Appellant told them that he had robbed a bank. Mr. Schiavone, after consulting with his father and brother, refused to let Appellant spend the night in their home but agreed to let him shower and to take him wherever he needed to go. The trial transcript continues as follows:

Q. At that point in time, did Mr. Wilson tell you anything about what you should do with the information you had?

A. I [Mr. Schiavone] don't know if he said it jokingly, but he pulled his shirt up and showed the handle of the gun and he said to me, and [Mr. Nelson], you know, if you tell anybody, I'll kill you.

Rec., Vol. VII, at 459–60.

Appellant then told Mr. Schiavone and Mr. Nelson where he had hidden the other gun used in the robbery. Subsequently, Appellant left with Mr. Schiavone's brother, who had agreed to take him where he needed to go. Mr. Schiavone testified that he was afraid his brother might be in danger. Therefore, Mr. Schiavone did not call the police but attempted, along with Mr. Nelson, to follow his brother and Appellant in Mr. Schiavone's car.

Mr. Schiavone and Mr. Nelson later recovered the gun used in the robbery based on Appellant's description of its location. They took the gun to another friend's apartment where it was confiscated by police in connection with an unrelated search. When questioned about the gun, Mr. Schiavone initially responded that he knew nothing about it but later told the police where he had found it and about his conversation with Appellant the previous evening. Appellant was later apprehended.

Following Appellant's conviction by a jury, the district court sentenced him to 121 months' imprisonment for the armed robbery count and 120 months' imprisonment for the firearms count, the sentences to run consecutively. This total sentence reflected the district court's imposition of a two-level enhancement for obstruction of the administration of justice pursuant to United States Sentencing Guidelines Manual § 3C1.1. The two-level enhancement increased the offense level from 28 to 30, resulting in a sentence guideline range of between 228 and 255 months. The district court imposed a sentence of 241 months.

In this appeal, Appellant claims that the district court lacked sufficient evidence to impose a two-level increase in offense level for obstruction of justice. Specifically, Appellant argues that, despite Mr. Schiavone's testimony regarding a threat, such conduct does not constitute an attempt to obstruct justice. Neither Mr. Schiavone nor Mr. Nelson were witnesses to the robbery, nor do their actions indicate that they felt threatened or intimidated by Appellant.

In "review[ing] the district court's factual determinations concerning the obstruc-

tion of justice enhancement[, we review] for clear error only," giving "due deference to the district court's application of the Guidelines to the facts." *United States v. Hankins,* 127 F.3d 932, 934 (10th Cir. 1997); 18 U.S.C. § 3742(e) (2000). Based on the facts presented by Appellant, the district court had ample evidence upon which to base the two-level enhancement.

The Guidelines do not require that a threat be successful in intimidating a potential witness but merely that a defendant obstruct or impede, "or attempt[ ] to obstruct or impede, the administration of justice." U.S.S.G. § 3C1.1 (2001). *See also United States v. Fetherolf,* 21 F.3d 998, 1000 (10th Cir.1994); *United States v. Powell,* 973 F.2d 885, 894 (10th Cir.1992).

The undisputed facts in this case indicate that Appellant, while pointing to a gun, threatened to kill Mr. Schiavone and Mr. Nelson if they told anyone about the robbery. While Mr. Schiavone testified that this threat may have been made jokingly, there is sufficient evidence to suggest that the threat was at least an attempt at discouraging Mr. Schiavone and Mr. Nelson from cooperating with the police. Mr. Schiavone testified that he was afraid that Appellant might harm Mr. Schiavone's brother and that he was afraid to call the police. Rec., Vol. VII, at 462–63. The fact that Mr. Schiavone initially lied to the police about how he had found the gun further supports the district court's conclusion that Appellant's threat was an attempt to obstruct justice.

Based on the undisputed facts in this case, we hold that the district court did not clearly err in finding sufficient evidence of an attempt to obstruct justice.

For the reasons stated above, the decision of the district court is **AFFIRMED.**