**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

JIMMY LYNN HORN,

    Defendant - Appellant.

No. 03-6289
(D.C. No. 03-CR-111-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Jimmy Lynn Horn appeals from his sentence upon conviction of being a felon in possession of firearms, 18 U.S.C. § 922(g)(1). Mr. Horn pled guilty and was sentenced to 75 months imprisonment and three years supervised release. On appeal, he argues that the district court improperly enhanced his sentence for obstruction of justice and that he was improperly denied a downward adjustment to his offense level for acceptance of responsibility. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 3742(a)(1). We remand with instructions for the district court to vacate the sentence and resentence.

## Background

Following his arrest, Mr. Horn wrote a letter to his girlfriend, Sandra Goad. In the letter, he stated that he "had one shot out of [conviction] and that's if [his second girlfriend] Mary [Smith] will say she sold [the guns] to Bobby and say I was just there when it happened . . . I will have to put it to her and see what she says. She is the only chance I got . . . So if you can do damage control over everyone, please do, whatch [sic] out for Dave & Sherri or they will snitch us out."

The district court imposed a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice based on the letter and refused to grant a downward adjustment based on acceptance of responsibility under § 3E1.1.

## Discussion

A. Obstruction of Justice

Section 3C1.1 of the Sentencing Guidelines provides for a two-level enhancement where a "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the

investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. Application note 4 provides an example of such conduct: "committing, suborning, or attempting to suborn perjury." Id. § 3C1.1, comment (n.4(b)).

"We have held that attempting to influence the testimony of a potential witness can form the basis for an upward departure for obstruction of justice." United States v. Hernandez, 967 F.2d 456, 459 (10th Cir. 1992). The district court found that the language in the letter to Ms. Goad constituted an indirect attempt to obstruct or impede the administration of justice and thus applied the enhancement. We review a district court's factual determination to enhance the sentence for obstruction of justice for clear error. United States v. Guzman, 318 F.3d 1191, 1197 (10th Cir. 2003).

Mr. Horn argues that his drafting and mailing of the letter, shortly after his arrest, but which predated his guilty plea by approximately six months, fell short of the "substantial step" required to constitute an attempt to suborn perjury. He argues that while Ms. Goad was aware of the existence of Ms. Smith, Ms. Smith did not know about Ms. Goad or Ms. Goad's relationship with Mr. Horn. In fact, Mr. Horn argues that he sought to prevent Ms. Smith from learning of his second girlfriend to avoid possibly disastrous results. Thus, he claims that the letter to Ms. Goad could not be construed as a request for Ms. Goad to ask Ms. Smith to alter her testimony. Moreover, Mr. Horn argues that he was only "daydreaming"

about the prospect of someone testifying falsely on his behalf. He cites the letter's non-specific future orientation: he "will have to put it to her," meaning that sometime in the future he will ask Ms. Smith to testify falsely. Because Mr. Horn never made such a request of Ms. Smith, he argues that this falls short of the "substantial step" requirement for attempt. Finally, he argues that his statement regarding "damage control" cannot be considered an attempt to suborn perjury because, as he testified at the district court, this was only a request for Ms. Goad to prevent Dave and Sherri from speaking with Ms. Smith.

The mere intention to commit a specified crime, by itself, does not amount to an attempt. United States v. Ramirez, 348 F.3d 1175, 1180 (10th Cir. 2003) (citing United States v. Monholland, 607 F.2d 1311, 1318 (10th Cir. 1979)). Rather, the defendant must have the intent to commit a particular crime and perform some overt act which would normally result in the commission of the particular crime. Monholland, 607 F.2d at 1318; see also United States v. Sullivan, 919 F.2d 1403, 1429 (10th Cir. 1990) (requiring criminal intent and a "substantial step" toward commission of the offense).

The district court found that Mr. Horn had the criminal intent to obstruct justice by means of the statements in the letter, and we do not find such an interpretation to be clearly erroneous. As to the "substantial step" requirement, the government relies heavily upon United States v. Downing, No. 94-8075, 1995

WL 410155, at *1 (10th Cir. July 5, 1995) (unpublished), in which the defendant was found to have obstructed justice by writing a letter to a friend, asking the friend to murder the informant who testified before the grand jury and who would have testified for the government at trial. The instant case is distinguishable. Here, Mr. Horn never specifically requested that Ms. Goad speak to Ms. Smith, and, in fact, he did not desire any communication between the two girlfriends. Rather, Mr. Horn stated that he would have to "put it to [Ms. Smith] and see what she says." Thus, this portion of the letter amounted to little more than a hopeful wish for exoneration and a statement of his future intent to convince Ms. Smith to commit perjury. Any plans to suborn perjury or otherwise obstruct justice were only in their planning stages and clearly were not embarked upon with the language of the letter.

In fact, the only specific request made by Mr. Horn in the letter is that Ms. Smith "do damage control over everyone, [and] whatch [sic] out for Dave & Sherri or they will snitch us out." Although this language can be construed as a request of Ms. Goad, Mr. Horn only asked that she prevent Dave and Sherri from reporting any transgressions to Ms. Smith. This request falls far short of a "substantial step" toward suborning perjury or obstructing the administration of justice. Accordingly, the district court's enhancement was clearly erroneous.

B.  Acceptance of Responsibility

Mr. Horn argues that the district court erred in refusing to award a two-level downward adjustment for acceptance of responsibility pursuant to § 3E1.1 of the Sentencing Guidelines.  As the district court relied on its obstruction of justice finding to deny the requested downward departure for acceptance of responsibility, the district court should review the request anew on remand.

Finally, on September 13, 2004, Mr. Horn filed a Fed. R. App. P. 28(j) supplemental authority letter seeking to raise (for the first time) a Sixth Amendment challenge to his sentence based on the Supreme Court's decision in Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004).  Prior to the letter, Mr. Horn did not challenge the district court's ability to determine the facts resulting in his sentence calculation.  We have previously refused to consider an issue asserted for the first time in a Rule 28(j) letter.  See United States v. Kimler, 335 F.3d 1132, 1138 n.6 (10th Cir. 2003).  In that Mr. Horn did not seek permission to file a brief properly raising the Blakely issue, we decline to consider the matter further.  See United States v. Maldonado-Ramires, ___ F.3d ___, No. 03-1438, 2004 WL 2181755, at *3 n.1 (10th Cir. Sept. 29, 2004).

REMANDED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge